UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **ELTON BURKS and DIAMOND BURKS,** | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 2:25 CV 313 |
| | ) |
| **CITY OF GARY, INDIANA; DAMON** | ) |
| **SIMMONS, individually and in his official** | ) |
| **capacity; DEIDRE MONROE, Judge,** | ) |
| **individually and in her official capacity,** | ) |
| | ) |
| Defendants. | ) |

**OPINION and ORDER**

**I.   BACKGROUND**

Plaintiffs Elton and Diamond Burks, a married couple, filed a *pro se* complaint, along with an amendment thereto, against the City of Gary, Indiana; Deidre Monroe, a Gary City Court judge; and Damon Simmons, a bailiff employed by the Gary City Court.[1] (DE ## 1, 6.) They also seek leave to proceed *in forma pauperis*.[2] (DE # 2.)

In their complaint, plaintiffs allege that Diamond encountered Simmons when she was in a Gary City Court holding cell awaiting resolution of criminal mischief charges. (DE # 6 at 2.) According to plaintiffs, while Diamond was in the holding cell,

---

[1] Sadly, plaintiff Elton Burks notified the court that Diamond recently died. (DE # 8.) The Rule 25 motion filed by Elton in connection with Diamond's passing will be handled by Magistrate Judge Abizer Zanzi in a separate order.

[2] Plaintiffs' petitions to proceed *in forma pauperis* are insufficient, but the court will instruct the Clerk to send plaintiffs the appropriate form, which plaintiffs are granted leave to file along with an amended complaint.

Simmons "dropped his personal phone number into her cell and solicited money, representing he could facilitate her release on bond if she sent $250.00 to his personal account." (*Id.* at 3.) Diamond transferred $135.00, which Simmons returned, stating that it was not enough. (*Id.*)

According to plaintiffs, Simmons also sent a message to Diamond stating that he would "go see the judge" and "get [an unrelated traffic ticket] dismissed" for Diamond. (*Id.* at 2.) According to plaintiffs, the ticket was dismissed within days. (*Id.*) Plaintiffs also allege that Simmons attempted to introduce fabricated evidence into Diamond's criminal mischief case. (*Id.* at 1.) The resolution of Diamond's criminal mischief case is unclear.

Plaintiffs further allege that Simmons sent sexually explicit text messages to Diamond. (*Id.*) When Diamond's husband Elton learned of the messages, it caused an issue in Diamond and Elton's relationship. (*Id.*) Plaintiffs claim that Diamond later suffered a miscarriage as a result of the stress. (*Id.*)

## II.    LEGAL STANDARD

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal *in forma pauperis* statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed *in forma pauperis*, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C.

2

§ 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B). With respect to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and courts must dismiss a complaint if it fails to state a claim.

Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000). To survive a motion to dismiss under federal pleading standards, the complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

### III.    DISCUSSION

At the outset, the court notes that Judge Deidre Monroe is entitled to judicial immunity for all claims against her. *Stump v. Sparkman,* 435 U.S. 349, 356–64 (1978). As for plaintiffs' claims against the City of Gary and Simmons, this court only has jurisdiction over the claims against them if plaintiffs can state a plausible federal cause of action to justify the court's exercise of subject matter jurisdiction. 28 U.S.C. § 1331. Plaintiffs attempt to bring their claims under 42 U.S.C. § 1983 – the federal statute

3

applicable to constitutional torts – to fulfill this requirement. However, as explained below, plaintiffs' allegations fail to state any federal claim.

A basic principle governing Section 1983 constitutional tort claims is that they cannot proceed without adequate allegations regarding a lack of due process that caused a constitutional injury. *Whitlock v. Brueggemann,* 682 F.3d 567, 582 (7th Cir. 2012) (violation of the Fourteenth Amendment does not occur unless a person is "deprive[d] . . . of life, liberty, or property, without due process of law"); *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658 (1978) (same, with respect to municipal liability). Plaintiffs fail to allege that Diamond was subjected to a lack of due process in the context of her criminal cases at all, much less one that deprived her of liberty. The complaint, even read in a context most favorable to plaintiffs, suggests that Diamond received adequate process.

At its core, the crux of plaintiffs' Section 1983 claim is that Simmons broke the rules and behaved inappropriately. However, allegations of wrongdoing do not necessarily create a cognizable due process action under Section 1983; the alleged wrongdoing must rob a plaintiff of due process and be causally linked to a constitutional injury. *See, e.g., Whitlock v. Brueggemann,* 682 F.3d 567, 582 (7th Cir. 2012) ("if an officer . . . fabricates evidence and puts that fabricated evidence in a drawer, making no further use of it, then the officer has not violated due process"); *Garcia v. City of Chicago, Ill.,* 24 F.3d 966, 971-72 (7th Cir. 1994) (finding criminal defendant's "right to due process of law was satisfied" where prosecutors decided to move for *nolle prosequi* pre-trial); *Zahrey v. Coffey,* 221 F.3d 342, 348 (2d Cir. 2000) ( "The manufacture of false

4

evidence, 'in and of itself,' . . . does not impair anyone's liberty, and therefore does not impair anyone's constitutional right."). Thus, plaintiffs' complaint cannot "establish one of the necessary elements of a constitutional tort: that the officer's act . . . caused any injury." *Whitlock,* 682 F.3d at 582.

Nevertheless, the court will permit plaintiffs an opportunity to cure the defects in the complaint. *Felton v. City of Chicago,* 827 F.3d 632, 635 (7th Cir. 2016) ("[W]hen a plaintiff—especially a *pro se* plaintiff—fails to state a claim in his first complaint, he should ordinarily be given a chance to amend."). If plaintiffs wish to continue with this case, they must file an amended complaint, consistent with their prior allegations, which cures the defects addressed herein. Plaintiffs are also granted leave to refile their motions for leave to proceed *in forma pauperis* on the appropriate form. Alternatively, plaintiffs may inform the court that they do not wish to continue pursuing this case, and the court will dismiss this complaint without prejudice.

**IV.   CONCLUSION**

For the foregoing reasons, the court:

(1) **DENIES** the *in forma pauperis* petitions as insufficient (DE ## 2, 7);

(2) **DIRECTS** the Clerk to mail plaintiffs copies of form AO 239, *Motion to Proceed In Forma Pauperis*;

(3) **GRANTS** plaintiffs until **December 15, 2025**, to file an amended complaint and *in forma pauperis* petitions;

5

(4) **CAUTIONS** plaintiffs that failure to abide by this deadline will result in dismissal under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted; and

(5) **DENIES** the motions to amend the complaint as moot (DE ## 4, 5).

                                 **SO ORDERED.**

Date: November 13, 2025

                                 s/James T. Moody
                                 JUDGE JAMES T. MOODY
                                 UNITED STATES DISTRICT COURT