UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **ELTON BURKS and DIAMOND BURKS,** )<br>)<br>**Plaintiffs,** )<br>)<br>v. )<br>)<br>**CITY OF GARY, INDIANA; DAMON** )<br>**SIMMONS, individually and in his official** )<br>**capacity; DEIDRE MONROE, Judge,** )<br>**individually and in her official capacity,** )<br>)<br>**Defendants.** ) | No. 2:25 CV 313 |

## OPINION and ORDER

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court now reviews plaintiffs' Third Amended Complaint (DE # 10-1), along with other miscellaneous filings in this case (DE ## 8, 10, 11, 12). For the reasons set forth herein, the Third Amended Complaint fails to state a claim, and this action will be dismissed without prejudice.

**I.    BACKGROUND**

Plaintiffs allege that defendant Damon Simmons, a Gary City Court bailiff, interacted with plaintiff Diamond Burks[1] while she was in a Gary City Court holding cell awaiting resolution of criminal mischief charges. (DE # 10-1 at 2.) According to plaintiffs, Simmons gave Diamond his personal phone number and represented that he could facilitate her release on bond. (*Id.*) Plaintiffs further claim that Simmons

---

[1] Plaintiff Elton Burks has informed the court that, after the filing of this lawsuit, Diamond Burks died. (DE # 8.) He has filed a motion for substitution of party to assume her place in the lawsuit (*id.*), which the court grants herein.

convinced a judge to dismiss an unrelated traffic ticket of Diamond's, and attempted to introduce fabricated evidence into Diamond's criminal mischief case. (*Id.*) According to plaintiffs, Simmons also sent sexually explicit text messages to Diamond, which caused issues in Diamond's marriage to her husband, Elton. (*Id.*) Plaintiffs claim that Diamond later suffered a miscarriage as a result of the stress. (*Id.*)

Plaintiffs filed a *pro se* lawsuit against the City of Gary, Indiana; Simmons; and Deidre Monroe, a Gary City Court judge, for violating their constitutional rights and committing various state law torts against them. (DE ## 1, 6, 10-1.) Plaintiffs also sought leave to proceed *in forma pauperis.* (DE ## 7, 11.) The federal *in forma pauperis* statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access, but district courts must screen complaints filed under this statute and dismiss allegations that are frivolous or fail to state a claim. 28 U.S.C. § 1915(e)(2)(B). The court screened plaintiffs' Second Amended Complaint on November 13, 2025, finding that Judge Monroe was immune from suit and the complaint otherwise failed to state any claims. (DE # 9.) Nonetheless, the court permitted plaintiffs an opportunity to file a Third Amended Complaint to cure the deficiencies of prior iterations. (*Id.*)

Plaintiffs filed their Third Amended Complaint on December 16, 2025. (DE #10-1.) The court now reviews the allegations contained therein pursuant to Section 1915(e)(2)(B). Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224

2

F.3d 607, 611 (7th Cir. 2000). To survive a motion to dismiss under federal pleading standards, the complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

## II.    DISCUSSION

At the outset, the court reiterates its prior ruling that Judge Monroe is entitled to judicial immunity for all claims against her. *Stump v. Sparkman,* 435 U.S. 349, 356–64 (1978). Nothing in the Third Amended Complaint changes this outcome, and all claims against her must be dismissed.

As the court also noted in its prior screening order, plaintiffs depend on Section 1331 of Title 28 of the United States Code to establish the court's subject-matter jurisdiction over this case. (DE # 10-1.) This statute allows a matter to be brought in federal court when the case depends on federal law. 28 U.S.C. § 1331. Thus, subject-matter jurisdiction over this case can only be established in this forum if plaintiffs have viable federal claims. In this case, plaintiffs allege that defendants violated their federal constitutional rights to procedural due process, substantive due process, and equal protection. (*See* DE # 10-1.) Plaintiffs also raise claims of conspiracy, municipal liability under *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658 (1978), and violation of plaintiffs' Fourteenth Amendment right to access the courts. *(See* DE # 10-1.) For the reasons set

3

forth below, plaintiffs' Third Amended Complaint fails to state a federal claim under any of these theories.

The court begins with plaintiffs' due process claims. As the court explained in its last screening order, Diamond's procedural due process claims fail because no deprivation of due process can be inferred from the allegations. Simmons's alleged conduct, while inappropriate, appears to have affected the due process Diamond received only in the sense that Diamond's criminal cases may have been resolved more quickly and in her favor. Such allegations fail to state a claim for a due process deprivation. *See Whitlock v. Brueggemann,* 682 F.3d 567, 582 (7th Cir. 2012) (plaintiff must actually suffer deprivation of due process to proceed on claim).

Further, while plaintiffs repeatedly claim that they suffered distress because of the inappropriate sexual nature of Simmons's conduct, a due process deprivation must be the cause of the alleged harm, even if the harm alleged is emotional. *Carey v. Piphus,* 435 U.S. 247, 263 (1978) (plaintiffs must have "actually suffered distress because of the denial of procedural due process itself"). As previously stated, no due process deprivation can be inferred in this case, so there can be no causal connection between plaintiffs' distress and a due process deprivation.

Plaintiffs also claim that *Elton's* right to procedural due process was violated because defendants deprived Elton (and the public) of confidence in the law enforcement and judicial systems. (DE # 10-1.) This claim lacks any legal foundation, and should be summarily denied as frivolous. Regardless, as previously explained, an

4

emotional harm claim must be causally linked to a due process violation, and none can be inferred in this case. *Carey,* 435 U.S. at 263.

To the extent plaintiffs seek to raise a substantive due process claim based on the right to bodily integrity, the claim fails because the court cannot infer facts from the allegations that would support such a claim. Successful cases invoking this right involve the use of intentional force against an individual's person or the threat of such force. *Robbin v. City of Berwyn,* 108 F.4th 586, 591 (7th Cir. 2024); *see Rochin v. California,* 342 U.S. 165, 172 (1952) (forcible stomach pumping); *Wilkins v. May,* 872 F.2d 190, 195 (7th Cir. 1989) (extortion of confession at gun-point); *Hess v. Garcia,* 72 F.4th 753, 765–67 (7th Cir. 2023) (sexual assault). No such allegations exist here.

To the extent that plaintiffs seek to raise a substantive due process claim based on a right to family integrity, such a claim is also meritless. In the relatively few cases where the substantive due process right to family integrity was considered in the context of alleged government interference with a marriage, federal courts have concluded that a constitutional claim does not exist unless the couple is prevented from independent decision-making. *See, e.g., Grossnickle v. McGee,* No. 4:09-CV-2190, 2010 WL 1565531, at *6 (M.D. Pa. Apr. 19, 2010) (officer's harassment of wife did not preclude couple from making their own decisions about their relationship); *Martsolf v. Brown,* No. 1:05-CV-1941, 2008 WL 112028, at *5 (M.D. Pa. Jan. 9, 2008) ("While the effect of the alleged harassment and retaliation on their marriage may be palpable, defendants' purported misdeeds did not preclude independent decision-making."). In this case,

5

plaintiffs fail to allege facts from which the court can reasonably infer that defendants' conduct prevented plaintiffs from making independent decisions about their marriage, so the claim is dismissed.

Plaintiffs also claim that they were denied equal protection when Diamond was treated differently than others because Simmons found her attractive and afforded her special favors. (DE # 10-1 at 8.) This claim fails because the court cannot reasonably infer the causation of any injury. *Christian v. Vill. of Maywood,* 656 F. Supp. 367, 369 (N.D. Ill. 1987) (equal protection claim failed for lack of causation and injury); *CIMA Devs. Ltd. P'ship v. City of W. Chicago, Illinois,* No. 19 C 2193, 2021 WL 736224, at *3 (N.D. Ill. Feb. 25, 2021) (same). Curiously, plaintiffs lament the fact that no other traffic defendants received the same favorable treatment. Nevertheless, a desire to see the government to act a certain way does not create a federal cause of action. *See Whitmore v. Arkansas,* 495 U.S. 149, 160 (1990) ("This Court has repeatedly held that an asserted right to have the Government act in accordance with law is not sufficient, standing alone, to confer jurisdiction on a federal court.").

Finally, plaintiffs attempt to sue defendants for conspiracy, municipal liability under *Monell*, and violation of plaintiffs' Fourteenth Amendment right to access the courts. These theories all depend on the existence of an underlying substantive claim. Because no substantive claim exists in this case, these derivative claims must be dismissed. *Daugherty v. Page,* 906 F.3d 606, 612 (7th Cir. 2018) (plaintiff alleging a conspiracy to violate section 1983 must show an underlying constitutional violation);

*Doxtator v. O'Brien,* 39 F.4th 852, 864 (7th Cir. 2022) ("a municipality cannot be liable under *Monell* when there is no underlying constitutional violation by a municipal employee"); *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) ("[O]ur cases rest on the recognition that the right [to access the courts] is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court.").

As explained above, plaintiffs' Third Amended Complaint fails to state any federal causes of action. Thus, the court cannot maintain jurisdiction over this case under Section 1331 of Title 28 of the United States Code. Further, principles of comity encourage courts to relinquish supplemental jurisdiction over state law claims when all of the federal claims are dismissed. *See Hansen v. Bd. Of Trs. of Hamilton Southeastern Sch. Corp.,* 551 F.3d 599, 608 (7th Cir. 2008); *Groce v. Eli Lilly & Co.,* 193 F.3d 496, 501 (7th Cir. 1999) ("[I]t is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial."); 28 U.S.C. § 1367(c)(3). Accordingly, the court declines to exercise jurisdiction over the pendent state law claims in this case.

## III. CONCLUSION

For the foregoing reasons, the court:

1) **DISMISSES** all federal and state law claims presented in the Third Amended Complaint, without prejudice (DE # 10-1);

2) **DENIES** the motions to amend, as moot (DE ## 10, 12);

3) **DENIES** the *in forma pauperis* petition (DE # 11);

7

4) **GRANTS** the motion to substitute party (DE # 8); and

5) **DIRECTS** the Clerk to close this case.

                                                   **SO ORDERED.**

Date: February 27, 2026

                                        s/James T. Moody
                                        JUDGE JAMES T. MOODY
                                        UNITED STATES DISTRICT COURT